UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL JOHNSON, Petitioner, -against- M. CAPRA, Respondent. | Case No. 1:22-cv-10754 (JLR) **ORDER ADOPTING REPORT AND RECOMMENDATION** |

JENNIFER L. ROCHON, United States District Judge:

This petition for a writ of habeas corpus from a state court conviction was referred to Magistrate Judge Netburn for a Report and Recommendation. *See* Dkt. 12. In the Report and Recommendation filed on July 15, 2026, Magistrate Judge Netburn recommended that the petition be denied. *See* Dkt. 47 (the "R&R").

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (italicization added); *accord United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however "a district court need only satisfy itself that there is no clear error on the face of the record." *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). This clearly erroneous standard also applies when a party makes only conclusory or general objections. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).

In the present case, the R&R advised the parties that they had fourteen days from service of the R&R to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. 47 at 28. In addition, the R&R expressly called Petitioner's attention to Rules 6 and 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Petitioner has waived the right to object to the R&R or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the R&R, unguided by objections, and finds the R&R to be well reasoned and grounded in fact and law. Magistrate Judge Netburn found that: (1) the New York State Appellate Division "applied the correct standard in assessing Petitioner's claim" as to the suggestiveness of a photo array and subsequent lineup shown to a witness "and reasonably rejected it on its merits," R&R at 11; (2) to the extent Petitioner challenged the "weight of the evidence" at his trial, such a challenge "is not cognizable on federal habeas review," *id.* at 12; (3) Petitioner's challenges to the legal sufficiency of the evidence at his trial "essentially ask[ed] the Court to reweigh evidence and testimony raised at trial, which the Court is precluded from doing" on habeas review, but, "[i]n any event, . . . a review of the underlying record shows that the evidence of Petitioner's guilt was 'overwhelming' and more than sufficient to sustain his conviction," *id.* at 14; (4) Petitioner's claim that the police lacked probable cause to arrest him "is grounded in the Fourth Amendment, which is generally precluded from habeas review . . . unless the state court failed to provide the petitioner with an 'opportunity for full and fair litigation' of his Fourth Amendment claim," and the state court did provide that opportunity, inasmuch as Petitioner received a pretrial suppression hearing and raised his Fourth Amendment claim on direct appeal, *id.* at 16-17 (citation omitted);

(5) Petitioner's arguments as to ineffective assistance of counsel, already reviewed and rejected in state court, did not meet the high bar established by *Strickland v. Washington*, 466 U.S. 668 (1984), and Petitioner failed to show prejudice resulting from his attorney's trial decisions, *id.* at 18-22; and (6) Petitioner's claims of improper prosecutorial conduct at trial were "not cognizable on habeas review" and not preserved by objection but, in any event, constituted at most harmless error, *id.* at 22-27. All these determinations were supported by Magistrate Judge Netburn's thorough review of the record and a correct application of the law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

Petitioner has not "made a substantial showing of the denial of a constitutional right" and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); *see, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

For all these reasons, **the Court hereby DENIES Petitioner's petition for a writ of habeas corpus**.

The Clerk of Court is directed to CLOSE the case and to mail a copy of this Order to Petitioner.

Dated: August 6, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge